In the Matter of CHELSEA HOTEL COR-
PORATION, Debtor, 601 West 26 Corp.,
and Claire Freidus, Appellants.

No. 12279.

United States Court of Appeals
Third Circuit.

Argued July 1, 1957.

Decided July 17, 1957.

Murray Fredericks, Atlantic City, N. J. (Marshall Perlin, New York City, Samuel M. Koenigsberg, Koenigsberg & Rossmoore, Newark, New Jersey, on the brief), for appellants.

William F. Hyland, Camden, N. J., for trustee-appellee.

F. Morse Archer, Jr., Camden, N. J., for Jefferson Standard Life Ins. Co., mortgagee-appellee.

Before BIGGS, Chief Judge, and GOODRICH and KALODNER, Circuit Judges.

BIGGS, Chief Judge.

The appellants, owners of 50% of the stock of the debtor and also claiming as its creditors, appeal from the order of the court below of May 10, 1957, confirming a plan of reorganization which provides for the liquidation of the debtor's property, a well known boardwalk hotel in Atlantic City, New Jersey, and the distribution of the proceeds to eight classes of claimants. This is the third appeal which stockholders have taken in these proceedings and it is all too clear that the two groups which each own one-half of the stock, the Freiduses and the Kaufmans, are engaged in a bitter, and apparently futile, struggle for the control of the hotel property. A receiver was first appointed under the New Jersey "Corporate Deadlock Act," N.J.S.A. 14:13–15. The proceedings in the court below were commenced when it appeared that the struggle between the two contesting stockholder groups would not be brought to an end in the State court. It is clear that the two stockholder groups overlook the rights of the creditors. Plans of reorganization which contemplated refinancing could not be effected and four prior contemplated

sales have not been carried through due to objections or appeals by the stockholders. See the opinion of this court at 3 Cir., 1957, 241 F.2d 846.

The appellants assert here that a second mortgage held by them and placed in Class 5 under the plan along with certain other claims asserted by them and placed in Class 7 may not be fully protected by the plan as confirmed. Issues as to the validity of the mortgage and the claims referred to are still pending and their disposition is not required in order to determine the question of whether the order of the court below confirming the plan should or should not be reversed. The order complained of relegates the mortgage claim to Class 7 only "if it be found that the mortgage on which said claim is founded is not a valid and subsisting mortgage entitled to priority in payment." These words clearly recognize the fact that the mortgage is entitled to priority payment if it is valid. Class 7 embraces "Holders of unsecured claims for indebtedness to or originating through Jacob Freidus, Claire Freidus, 601 West 26th Corp., Joseph Kaufman or Zelda Kaufman," but the plan as confirmed provides that claims of the stockholders to the extent that they are determined "to constitute bona fide indebtedness" shall share the assets on a parity with general creditors. The protection afforded the appellants by the plan is adequate.

■ It seems to be the case that the creditors were led to believe that they would receive full payment under the plan. An upset price of $850,000 has been ordered. The upset price is justified by appraisals. The amount of the upset price, if achieved, might not be enough to pay all claims if the improbable happened and the claims were allowed in the full amounts asserted. It is conceded, however, that a plan of reorganization may take the form of liquidation. In re American Bantam Car Co., 3 Cir., 1952, 193 F.2d 616, 621. But the appellants contend in substance that the Bankruptcy Act requires certainty that under a plan of reorganization such as that un-

der consideration claims must be paid in full. The appellants say that this is so because the consent by vote of each class materially affected has not been achieved as required by Section 179 of the Bankruptcy Act. 11 U.S.C.A. § 579.

■ But Section 179 states that "protection" may be set up for non-consenting claimants as provided in Section 216(7) and (8) of the Bankruptcy Act, 11 U.S.C.A. § 616(7) and (8). It is on these provisions and in particular Section 216 (7) (b) and (8) (a), 11 U.S.C.A. § 616 (7) (b) and (8) (a), that the trustee and the creditors, who are not stockholders, rely. Section 216 in pertinent part states: "A plan of reorganization under this chapter * * * (7) shall provide for any class of creditors which is affected by and does not accept the plan by the two-thirds majority in amount required under this chapter, adequate protection for the realization by them of the value of their claims against the property dealt with by the plan and affected by such claims, either as provided in the plan or in the order confirming the plan * * * (b) by a sale of such property free of such claims, at not less than a fair upset price, and the transfer of such claims to the proceeds of such sale * * * [and] (8) shall provide for any class of stockholders which is affected by the plan and does not accept the plan by the majority of the stock required under this chapter, adequate protection for the realization by them of the value of their equity, if any, in the property of the debtor dealt with by the plan, either as provided in the plan or in the order confirming the plan, (a) by the sale of such property at not less than a fair upset price * * *." 11 U.S. C.A. § 616(7) and (8).

We hold that the sale of the property, subject to an upset price of $850,000 free of claims and with the transfer of claims to the proceeds of the sale will afford the protection required by the statute to all claims including those of the appellants. It was the intention of Congress in enacting Section 216 to provide for a fair, but speedy, determination

of Chapter X proceedings. We are satisfied that the plan as confirmed is in accordance with the Bankruptcy Act. See Country Life Apartments v. Buckley, 2 Cir., 1944, 145 F.2d 935.

A speedy disposition of the hotel is a prime necessity. It is deteriorating rapidly and there is no point in stockholders attempting to prevent a sale in the mere vain hope that they may be able to improvise some expedient of advantage to them. Operation of the hotel property has already cost the estate a, loss of $175,000. Shortly the debtor will be insolvent. A sale must be proceeded with promptly.

The order appealed from will be affirmed.